Eastern District of Kentucky
FILED
MAR 0 9 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-226-JBC

GUNDAKER/JORDAN
  AMERICAN HOLDINGS, INC.,                                          PLAINTIFF

V.                 **MEMORANDUM OPINION AND ORDER**

CHARLES R. CLARK, ET AL.,                                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On May 21, 2004, plaintiff Gundaker/Jordan American Holdings, Inc. (hereafter "Jordan American"), a Florida corporation with its principal offices located in Colorado, filed this diversity action, pursuant to 28 U.S.C. § 1332, against two of its former directors and officers, Charles R. Clark and A. J. Elko, asserting claims of breach of fiduciary duty against these two defendants. Plaintiff alleges that as the result of the actions by defendants Clark and Elko, it lost more than $1,000,000 in shareholder equity between May 2001 and October 2002. Plaintiff seeks compensatory damages of $1,000,000 against defendants Clark and Elko and its costs of this action.

Subsequently, on October 13, 2005, plaintiff filed a First Amended and Supplemental Complaint, reiterating the claims made in its original complaint and also asserting claims of aiding and abetting and tortious interference with a business relationship against two additional defendants, The Lamb Foundation and Wendell Johnston, both of whom appear to be citizens or residents of the state of Texas. Plaintiff seeks compensatory damages of $5,000,000 against all defendants jointly and severally.[1]

---

[1] On February 22, 2006, The Lamb Foundation and Wendell Johnston moved to dismiss for lack of *in personam* jurisdiction over them. As of this date, that motion has not been fully briefed.

This matter is presently before the court on the motion of defendant Charles R. Clark ("Clark") to compel discovery from plaintiff.[2] Defendant Clark contends that plaintiff's responses to certain Interrogatories and Request for Production of Documents, as supplemented, are deficient.[3] Defendant Clark also seeks attorney's fees for his having to file the present motion to compel discovery.

In response to defendant's motion to compel, plaintiff asserts that it has adequately responded to defendant's discovery requests; however, plaintiff asserts that if its discovery responses are insufficient, that is because very little discovery has been conducted in this case (only W. Neal Jordan, plaintiff's majority shareholder and CEO, has been deposed), which has impacted its ability to answer certain interrogatories, especially those which relate to "evidence" in plaintiff's possession that supports certain allegations in the compliant.

**B.     Defendant's motion to compel discovery**

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." In order to resolve this discovery dispute, it is necessary to review each of the discovery requests at issue, along with plaintiff's responses thereto, all of which is set out below:

**1.     Interrogatories**

> 5.     Identify the JAHI clients and the portfolios managed by Neal Jordan referenced in numerical paragraph 10 of the Complaint.
>
> **ANSWER:**     Objection. The information is confidential and should not become a matter of public record. However, Plaintiff is willing to provide such information, subject to a satisfactory confidentiality agreement.

---

[2] Pursuant to numerical paragraph 5 of the district court's Scheduling Order entered herein on October 26, 2004, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #15].

[3] At the outset, defendant notes that plaintiff's answers to interrogatories were not signed by the party, as required by Fed.R.Civ.P. Rule 33(b)(2).

On February 16, 2006, plaintiff supplemented its answer to Interrogatory No. 5 with the following answer:

> **ANSWER:** Plaintiff managed all portfolios which generated management fees, save one mutual fund. Those clients identities are in the Defendants' possession, as Defendant contacted each to advise of Neal Jordan's "departure."

Defendant submits that plaintiff's response, as supplemented, is inadequate and non-responsive because (1) the interrogatory requested the portfolios managed by Neal Jordan, not plaintiff, and (2) plaintiff's response that "Defendants know" is non-responsive.

In responding to defendant's motion to compel, plaintiff acknowledges that its supplemental answer should state that "W. Neal Jordan" managed all portfolios, etc., instead of stating that "Plaintiff" managed these portfolios. Otherwise, plaintiff persists that its response is satisfactory, "as Defendants already have that information."

Based on the allegations made in the complaint, the Magistrate Judge concludes that plaintiff's response that "Defendants already have that information" is insufficient. Although W. Neal Jordan lost control of the plaintiff company for a period of time, he has subsequently regained control and should now be in a position to obtain the requested information. If W. Neal Jordan knows the identities of the portfolios he managed that are referenced in paragraph 10 of the complaint, either from memory or learned after regaining control of the plaintiff company, he must disclose that information. Defendant Clark's motion to compel plaintiff to further supplement its answer to Interrogatory No. 5 will be granted.

> 6. State specifically all evidence you contend support your allegation in numerical paragraph 20 of the Complaint that "Clark and Elko devised a plan to entrench and secure their continued employment." Specifically identify all documents you contend support the allegation, and identify all individuals who have knowledge of the facts concerning the allegation, and state specifically the knowledge each has.
>
> **ANSWER:** The minutes of the meetings previously identified in the answer to Interrogatory No. 3, tapes of various meetings, records of the proxy fight, various pleadings from *W. Neal Jordan, et al. v. Jordan American holdings, Inc., et al.*, Civil Action No. 01-264, U.S.D.C. for the Eastern District of Kentucky.

3

> Individuals with knowledge include: the parties; Officers and Directors of JAHI; Attorneys for JAHI; Russell Clement, Spicer Jeffreies & Co. CPA, Denver, CO; Kay Baker, Renee Scherer, Paula Compunale, Phyllis Harrelson, Jennifer Stoddard, Steven Curtis, Ed Blacka, Bill Coen and Christopher Hill.

On February 16, 2006, plaintiff supplemented its answer to Interrogatory No. 6 with the following answer:

> **ANSWER:** The minutes of the meetings previously identified in the answer to Interrogatory No. 3, tapes of various meetings, records of the proxy fight, various pleadings from *W. Neal Jordan, et al. v. Jordan American holdings, Inc., et al.,* Civil Action No. 01-264, U.S.D.C. for the Eastern District of Kentucky, including but not limited to transcript of a hearing before Judge Wilhoit wherein the Court admonished Defendants not to follow through with their plan to take over the company in collusion with the Lamb Foundation.
>
> Individuals with knowledge include: the parties; Officers and Directors of JAHI; Attorneys for JAHI; Russell Clement, Spicer Jeffreies & Co. CPA, Denver, CO; Kay Baker, Renee Scherer, Paula Compunale, Phyllis Harrelson, Jennifer Stoddard, Steven Curtis, Ed Blacka, Bill Coen and Christopher Hill.

Defendant Clark contends that plaintiff's answer, as supplemented, remains deficient. Defendant notes that the referenced transcript of a hearing before Judge Wilhoit has not been produced and points out that plaintiff's response provides no factual knowledge or the locations of the witnesses listed.

In response, plaintiff states that although defendant is already in possession of a copy of the transcript in question, it will "gladly provide" defendant with same. Plaintiff persists that its response to this interrogatory is not deficient.

Defendant's reply points out that the transcript of the hearing before Judge Wilhoit has still not been produced. Plaintiff is directed to provide defendant with a copy of the hearing before Judge Wilhoit forthwith. The Magistrate Judge is unpersuaded that plaintiff's response to this interrogatory is satisfactory. If plaintiff is aware of documents that it intends to use that have not been identified or produced, plaintiff must produce same or forfeit the right use them. Plaintiff

should also identify those documents that have been produced that it believes answers this interrogatory in a more specific manner, such as meeting dates, which tapes, which pleadings, etc. Additionally, if plaintiff knows the factual basis of the individuals' knowledge and/or their addresses, plaintiff is required to disclose same to defendant Clark.

Consequently, defendant Clark's motion to compel plaintiff to further supplement its answer to Interrogatory No. 6 will be granted, as detailed above.

> 7. In numerical paragraph 35 and 36 of the Complaint, you allege that Clark and Elko, in conscious disregard of the best interest of the corporation and its shareholders, took actions that amounted to a breach of fiduciary duty. With respect to the allegation, specify in detail (i) each action taken by Clark that you contend amounts to such conscious disregard and breach of fiduciary duty; (H) [sic] all evidence that supports such allegation. Specifically identify all documents and individuals you contend support the allegation, and identify all individuals who have knowledge of the facts concerning the allegation, and state specifically the knowledge each has.
>
> **ANSWER:** This question is premature insofar as discovery is ongoing, and substantial information remains to be developed. However, at this time, in addition to the allegations set out in the complaint, the following actions are identified:
>
> Salary paid to Rene Scherer despite Board decision to not incur expense to wholesaler of mutual funds.
>
> Payments made to soliciting firm to contact shareholders during proxy fight with misrepresentation of reason for contest.
>
> Sale of corporate-owned Mercedes automobile for less than fair market value.
>
> Salary paid to Charles Brink who solicited votes in proxy fight.
>
> Expense of worthless dinner seminars.
>
> The persons identified as witnesses are believed to have knowledge of the facts concerning the allegations. What information each witness has is unknown pending discovery.

On February 16, 2006, plaintiff supplemented its answer to Interrogatory No. 7 with the following answer:

> **ANSWER:** This question is premature insofar as discovery is ongoing, and substantial information remains to be developed. However, at this

5

> time, in addition to the allegations set out in the complaint, the following actions are identified:
>
> **Defamation of Neal Jordan associated with proxy solicitation, including but not limited to accusing Jordan of pursing [sic] gambling exploits with company or client funds.**
>
> **Action taken in contradiction of Judge Wilhoit's verbal order.**
>
> Salary paid to Rene Scherer despite Board decision to not incur expense to wholesaler of mutual funds.
>
> Payments made to soliciting firm to contact shareholders during proxy fight with misrepresentation of reason for contest.
>
> Sale of corporate-owned Mercedes automobile for less than fair market value.
>
> Salary paid to Charles Brink who solicited votes in proxy fight.
>
> Expense of worthless dinner seminars.
>
> The persons identified as witnesses are believed to have knowledge of the facts concerning the allegations. What information each witness has is unknown pending discovery.

With the exception of that portion of plaintiff's supplemental answer highlighted above in bold print, plaintiff's supplemental answer is identical to its original answer to this interrogatory.

Defendant Clark contends that plaintiff's answer to this interrogatory, as supplemented, remains deficient and that plaintiff's "sound-bite" statements fall short of informing him of the specifics of plaintiff's claim, the witnesses and their knowledge, and the specific documents that support plaintiff's claim of breach of fiduciary duty.

In response, plaintiff states that after defendants' depositions have been taken, it may be possible to expand its answer to this interrogatory, but at this time, plaintiff has provided all of the information it currently has relating to its claim of defendants' breach of fiduciary duty, in response to this interrogatory; therefore, since it is not withholding information, this answer cannot be deemed insufficient under the discovery rules.

The Magistrate Judge is unpersuaded by plaintiff's argument that this interrogatory is premature, implying that plaintiff may be better able to answer this interrogatory after defendants'

depositions have been taken. This case is nearly two years old (the complaint was filed on May 21, 2004), and it appears the discovery deadline expired on November 15, 2005. This case is scheduled for a pretrial conference on September 8, 2006, and for a jury trial on October 16, 2006.

Thus, plaintiff's "premature" argument is unpersuasive. Plaintiff is directed to supplement its answer to this interrogatory by specifically identifying any acts or series of acts it claims constitutes a breach of fiduciary duty. If plaintiff knows of no more acts, other than those listed in its original answer to this interrogatory, it should so state. Plaintiff has a continuing obligation to supplement its discovery responses if plaintiff subsequently learns of information that is responsive to a discovery request. Plaintiff is advised that if any alleged breach of fiduciary duty is not identified in a timely manner, it will be excluded from admission at trial.

Consequently, defendant Clark's motion to compel plaintiff to further supplement its answer to Interrogatory No. 7 will be granted, as detailed above.

> 8. With respect to each action identified or that should have been identified in the foregoing interrogatory, state specifically the damage to the corporation, if any, that you contend occurred as a result of the action, including the method of causation, the specific dollar amount of damage and the method of its computation, and specify in detail all facts which you contend support your damage claim.
>
> **ANSWER:** Damages have not yet been calculated beyond calculations previously supplied.

On February 16, 2006, plaintiff supplemented its answer to Interrogatory No. 8 with a lengthy answer, nearly three typewritten pages in length, illustrating how it computed its damages.

Defendant Clark contends that plaintiff's answer to this interrogatory, as supplemented, is a "pie-in-the-sky" answer that ignored the interrogatory, in that plaintiff did not identify the damages resulting from each alleged breach of fiduciary duty.

Plaintiff insists that its answer is not deficient.

Plaintiff's supplemental answer provides a detailed calculation of its damages. Whether this answer is preposterous and unsupported, as defendant Clark contends, is debatable. However, if plaintiff believes that this response is a proper way to calculate and prove its damages, plaintiff is

7

free to pursue it. In the event, the court ultimately determines that this damages calculation misses the mark, plaintiff will suffer the consequences of this approach in answering this interrogatory. Any specific calculation of damages not provided to defendant Clark will not be allowed.

With this caveat in mind, defendant's motion to compel plaintiff to further supplement its answer to Interrogatory No. 8 will be denied. However, plaintiff is advised that its damages calculation may be excluded at trial.

>  9. For each individual named in Plaintiff's Rule 26(a)(1) Initial Disclosures, provide the address, telephone number, and, if applicable, the present and former positions with JAHI or subsidiary of each, and state with specificity the information believed to be possessed by each individual that relates in any way to the subject matter of this litigation and the allegations in the Complaint.

**ANSWER:**

Thomas McElheny - former President and CEO of Christian Purchasing Network
Kay Baker - JAHI employee, assistant to Clark and Elko in Lexington
Rene Scherer - JAHI employee, mutual fund wholesaler
Christopher Hill - sales rep for JAHI
John McDonough
Ed Blacka
Bill Coen
Ronald Allen Stiller - board member of JAHI
Ronald S. Jones, Esq.
Charles Brink, Esq. - JAHI employee
Emmet Pais - employee of Impact Tax Management Service
Fred Steudler
Gerald Bowyer - board member of JAHI
Claire Gilchrist - board member of JAHI
Richard Williams - board member of JAHI
Jennifer Stoddard - employee of JAHI, assistant to Phyllis Harrelson
Kirk Johnston
Wendell Johnston
Martha Johnston
Bill Philippi - JAHI corporate counsel
Albert Alloro - shareholder of JAHI

On February 16, 2006, plaintiff supplemented its answer to Interrogatory No. 9 with the following answer:

> **ANSWER:** Other than those listed below, Plaintiff is unable to supplement this request at this time.

8

        Wendell Johnston
        5612 Meletio Lane
        Dallas, TX 75230

        Martha Johnston
        5612 Meletio Lane
        Dallas, TX 75320

In support of his motion to compel, defendant Clark states that this interrogatory was designed to cure the deficiencies in plaintiff's Rule 26 disclosures, which merely listed 22 names, but failed to give other information required by Rule 26. Defendant Clark notes that plaintiff's original answer merely re-listed the names previously provided in the Rule 26 disclosures. Defendant further notes that while plaintiff has supplemented its answer to this interrogatory on two separate occasions, its supplemental answers only provided addresses for eleven of the 22 individuals identified in its Rule 26 disclosures; thus, defendant Clark contends that plaintiff's answer to this interrogatory remains deficient.

Plaintiff reiterates that its answer is sufficient.

The Magistrate Judge is unpersuaded that plaintiff's answer to this interrogatory is sufficient. Plaintiff needs to be more specific concerning the factual knowledge which the individuals identified have concerning the area or areas of dispute. If plaintiff's answer is not supplemented with more specificity regarding each identified individual, the witness will not be allowed to testify about that subject. Plaintiff is not expected to set out by chapter and verse every statement the witness will make, but plaintiff should be more specific concerning the specific claims plaintiff is making and generally what it expects the witness to say about it.

Consequently, defendant Clark's motion to compel plaintiff to further supplement its answer to Interrogatory No. 9 will be granted, as detailed above.

**2.**    **Requests for Production of Documents**

    Request 7:    All documents identified, or that should have been identified, in response to the Interrogatories.

    **RESPONSE:** Documents are massive, but may be inspected and copied at any time in the office of Plaintiff's counsel.

> Upon request, Plaintiff's counsel will arrange copying and shipping at the expense of requesting Defendant.

Plaintiff has not supplemented its response to Request No. 7.

In support of his motion to compel, defendant Clark advises that while plaintiff has produced several boxes of disorganized documents, this production was generally unresponsive. Defendant also notes that plaintiff did not identify in its document production which documents were being produced in reference to which interrogatory.

In response, plaintiff states that its document production was not deficient.

The Magistrate Judge is unpersuaded by plaintiff's response. Plaintiff must identify those documents that it believes support any specific allegations of breach of fiduciary duty, or other acts of fraud, if any.

Consequently, defendant's motion to compel concerning Request No. 7 will be granted. If there are no further documents to be produced, plaintiff must nevertheless identify those documents, from the documents previously produced to defendant, which support its claims of breach of fiduciary, etc. asserted against defendant Clark.

> Request 10: All financial statements of the company, whether internally retained or submitted to outside entities such as lending institutions.
>
> **RESPONSE:** Documents are massive, but may be inspected and copied at any time in the office of Plaintiff's counsel. Upon request, Plaintiff's counsel will arrange copying and shipping at the expense of requesting Defendant.

On February 16, 2006, plaintiff supplemented its response to Request No. 10 with the following response:

> **RESPONSE:** Quarterly and Annual Financial Reports submitted to the SEC can be obtained from the SEC website, http://www.sec.gov/edgar/searchedgar/companysearch.html. (See attached list of filings.) Tax returns for the years 1997, 1998 and 2001 are enclosed herewith. Tax returns for 1999 and 2000 were sent on March 24, 2005.

10

In support of his motion to compel, defendant Clark states that although some tax returns and some SEC filings were produced, no other financial statements were produced. Defendant submits that since the document request asked for plaintiff's financial statements, "whether internally retained or submitted to outside entities," plaintiff's response is inadequate and that plaintiff's supplemental response (producing some additional tax returns and referring him to the SEC website) is also inadequate and does not comply with the request.

In response, plaintiff merely states that the financial information requested in Request No. 10 is a matter of public record and may be downloaded from the SEC's database.

The Magistrate Judge is unpersuaded by plaintiff's argument. Request No. 10 is not limited to financial statements filed with the SEC. Furthermore, this document request did not specifically request the production of tax returns. Plaintiff must produce copies of its financial statements, "whether internally retained or submitted to outside entities," irrespective of plaintiff's SEC filings, and/or other financial documents not previously produced. Plaintiff's response of directing defendant to the SEC's database is not a valid response.

Consequently, defendant's motion to compel concerning Request No. 10 will be granted, as outlined above.

Accordingly, **IT IS HEREBY ORDERED** that the motion of defendant Clark to compel discovery from plaintiff [DE #35] is **GRANTED** as to Interrogatory Nos. 5, 6, 7, and 9, and as to Document Request Nos. 7 and 10, and is **DENIED** as to Interrogatory No. 8, as follows:

1. Plaintiff is directed to supplement its answers to Interrogatory Nos. 5, 6, 7, and 9, as set out in greater detail above.

2. Plaintiff need not supplement its answer to Interrogatory No. 8.

3. Pursuant to Fed.R.Civ.P. 33(b), plaintiff's supplemental answers must be signed by the party, not the party's counsel.

4. Plaintiff is directed to supplement its responses to Document Request Nos. 7 and 10, as set out in greater detail above.

5. In supplementing its answer to Interrogatory No. 6, plaintiff is also directed to provide defendant with a copy of the hearing before Judge Wilhoit referenced in its answer thereto.

6. Plaintiff is given twenty (20) days from the date of this Order in which to supplement its discovery responses.

7. Defendant Clark's request for an award of his attorney's fees incurred for his having to file the present motion to compel discovery is **PASSED** to the conclusion of this action.

This ___9th___ day of March, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE