**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-226-JBC**

**GUNDAKER/JORDAN AMERICAN**
**HOLDINGS, INC.,**                                                                      **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**CHARLES R. CLARK, ET AL.,**                                          **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for sanctions (DE 56) based on the defendant, A.J. Elko's, failure to appear for his deposition. The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion in part and deny it in part.

The plaintiff, Gundaker/Jordan American Holdings, Inc. ("JAHI"), scheduled the deposition of A.J. Elko for May 1, 2006, in Lexington, KY. Notice of the deposition was served on Elko by U.S. Mail on February 15, 2006. Elko did not, however, appear for the deposition, and counsel for the plaintiff states that all efforts to contact him that day were unsuccessful. Elko's deposition was then re-noticed by the plaintiff, and Elko was deposed on May 25, 2006. The plaintiff now seeks monetary sanctions in the form of attorney's fees expended in preparing for the failed deposition and also expenses incurred in traveling to Lexington to complete the deposition.

Fed. R. Civ. P. 37(d) states that:

[i]f a party . . . fails . . . to appear before the officer who is to take the

deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure which are just. . . .  In lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In this case, the plaintiff properly noticed the deposition in advance, and Elko does not contest the validity of the notice given by the plaintiff.  Elko, who is pro se in this matter, nonetheless claims that his failure to attend his deposition was purely accidental because he was under the mistaken belief that the deposition was scheduled for May 3, 2006.  He blames his allegedly honest error on a busy work schedule which frequently requires him to travel outside of Kentucky.  He further states that he has cooperated in good faith with discovery in the case aside from his failure to attend the May 1, 2006, deposition.

In *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 520-21 (D. Md. 1984), the district court held that the plaintiff's financial hardship and need to perform her job duties did not render her immune from sanctions for failure to attend her own deposition.  The court's decision to impose sanctions in that case, however, was also based on previous failures by the plaintiff to perform her obligations as a party.  *Id.* at 521 (noting that the plaintiff had not attended a scheduled hearing or produced documents upon request by the defendant).  On the other hand, sanctions were not imposed in *Coon v. Froehlich*, 573 F. Supp. 918, 923-24 (S.D. Ohio 1983), when a defendant did not attend a properly noticed

2

deposition. The court based its ruling on the facts that the defendant's failure to attend was due to an error of counsel, the plaintiff dismissed the court reporter before attempting to contact the defendant's counsel, and the defendant's deposition was successfully taken at a later date. *Id.*

This case falls somewhere between *Froehlich* and *Bosworth*. Fed. R. Civ. P. 37(d) requires sanctions, even of a pro se party, for failure to attend one's own deposition. Unlike the plaintiff in *Bosworth*, Elko has not otherwise failed to comply with his duties in litigating this case or avoided his deposition in bad faith. Unlike the defendant in *Froelich*, Elko cannot blame anyone else for his mistake. That mistake caused the plaintiff and his counsel to prepare for and travel to a deposition which did not occur. Finally, the plaintiff was able to take Elko's deposition on May 25, 2006, and use that deposition in defending against a motion for summary judgment by Elko's co-defendant, Charles Clark, so the time spent preparing for the first deposition was not wasted. Based on the totality of the circumstances, the court must impose on Elko the plaintiff's "reasonable expenses, including attorney's fees," but because Elko simply made a mistake – nothing more – will not award the plaintiff as much as it has requested.

The plaintiff also argues that the court should award sanctions based on its inherent power to punish "bad faith conduct in litigation," *see First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002), or pursuant to 28 U.S.C. § 1927. These arguments are equally unavailing. In the Sixth Circuit,

3

bad faith is a requirement for the use of the district court's inherent authority. *First Bank*, 307 F.3d at 519. The Sixth Circuit Court of Appeals has also upheld the use of sanctions for conduct that was tantamount to bad faith. *Id.* (citation omitted). Despite its implicit allegations of bad faith on the part of Elko, the plaintiff presents no evidence that Elko's failure to appear for his deposition was the result of any improper motive or part of a larger pattern of frivolous or evasive conduct. Thus, the court will not utilize its inherent power to sanction Elko for missing his deposition.

Finally, 28 U.S.C. § 1927 permits a court to force any "attorney or other person" who "so multiplies the proceedings in any case unreasonably and vexatiously" to pay an opponent's costs, expenses, and attorney's fees incurred as a result of such conduct. As previously noted, Elko's deposition was taken less than a month after the day it was originally to be performed, and the plaintiff was able to use the deposition in responding to Clark's motion for summary judgment. The court finds that Elko did not "unreasonably and vexatiously" multiply the proceedings in this case and will therefore deny the plaintiff's claim for relief under § 1927. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for sanctions (DE 56) is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff is awarded $980 in attorney's fees for four hours of deposition preparation, travel time, and deposition appearance at an hourly rate of $245 and is further awarded $339.20 for automobile ($71.20 plus

4

$160) and hotel ($108) expenses, for a total award of $1319.20.

Signed on August 3, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY