UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 04-226-JBC

GUNDAKER/JORDAN AMERICAN
HOLDINGS, INC., PLAINTIFF,

V. **MEMORANDUM OPINION AND ORDER**

CHARLES R. CLARK, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the parties' briefs addressing the legality of a special meeting of the plaintiffs' Board of Directors held on May 22, 2001. The court, having reviewed the record and being otherwise sufficiently advised, finds that the May 22, 2001, meeting was properly held, and the parties will be barred from referring to the meeting as illegal or improper.

**I. Statement of Facts**

The plaintiff Gundaker/Jordan American Holdings, Inc. ("JAHI") is a public holding company. At all times relevant to this litigation, it was known as Jordan American Holdings, Inc., and its business headquarters were located in Lexington, Kentucky. At the time the events leading to this suit began, W. Neal Jordan ("Jordan") was JAHI's Chief Executive Officer and a director of the corporation. Charles W. Clark ("Clark") and A.J. Elko ("Elko"), defendants here, also held director positions at JAHI at that time. The Kirkland S. & Rena Lamb Foundation, and Wendell Johnston (collectively, "Lamb") were subsequently added as co-defendants in this action.

On May 21, 2004, JAHI filed this action against Clark, Elko, and certain John Does who allegedly aided and abetted the named defendants, asserting claims of breach of fiduciary duty. Specifically, JAHI alleged that, in 2001, Clark and Elko conspired with others to remove Jordan from his position as CEO of JAHI, the purported goal of their scheme being to gain control of JAHI and prevent their own loss of employment. To accomplish this end, Clark and Elko allegedly solicited the revocation of proxies from one or more shareholders of JAHI in an effort to defeat a quorum at JAHI's annual meeting, which was to take place on May 22, 2001. Shortly after the meeting was adjourned, Elko, Clark, and Jordan held a Special Meeting of the Board of Directors, at which Elko and Clark proposed that Jordan be removed as an officer of JAHI. The proposal was adopted by a 2-to-1 vote.

In an order entered on August 8, 2006, the court required the parties to submit simultaneous briefs regarding the legality of the Board of Directors meeting at which Jordan was ousted as CEO of JAHI.

**II. Legal Analysis**

The parties have stipulated that Kentucky law controls the legality of the May 22, 2001, meeting. K.R.S. § 271B.8-220(2) provides as follows:

> Unless the articles of incorporation or the bylaws provide for a longer or shorter period, special meetings of the board of directors shall be preceded by at least two (2) days' notice of the date, time, and place of the meeting. Unless otherwise provided by the articles of incorporation or bylaws, the notice shall not be required to describe the purpose of the special meeting.

JAHI's bylaws modify this notice provision by requiring four days' notice to each

director by mail or twenty-four hours' notice by telephone, telegram, or in person. It is undisputed that the directors' meeting in question was not preceded by sufficient notice under either the bylaws or K.R.S. § 271B.8-220(2). However, the defendants maintain that the notice requirement was waived by Jordan's presence at and participation in the meeting. Kentucky's waiver-of-notice provision states that:

> A director's attendance at or participation in a meeting shall waive any required notice to him of the meeting, unless the director at the beginning of the meeting (or promptly upon his arrival) objects to the holding of the meeting and does not thereafter vote for or assent to action taken at the meeting.

K.R.S. § 271B.8-230(2). JAHI's bylaws contain a substantially similar waiver-of-notice section.

In this case, Jordan attended the May 22, 2001, directors' meeting in his capacity as a director. JAHI has not alleged that Jordan voiced any objection to the legality or conduct of the meeting, nor has it claimed that Jordan did not vote at the meeting. Thus, Jordan's appearance at the meeting amounted to a valid waiver of the notice required by Kentucky law and the plaintiff's bylaws. As the presence of Clark, Elko, and Jordan constituted a quorum of JAHI's directors at the meeting in question, the court finds that the meeting was properly held and conducted.

Nonetheless, JAHI claims that the nature of the meeting itself rendered any purported waiver of notice by Jordan a nullity. The plaintiff alleges that Jordan

joined Clark and Elko in a room, at which point they informed him that a special meeting was being held and Jordan was being terminated as CEO. In short, the plaintiff claims that Jordan had no choice but to participate in the meeting.

To the contrary, there has been no showing in this case that Jordan was forced into participating in the directors' meeting held on May 22, 2001. Jordan could have explicitly refused to vote and promptly exited the room. As previously noted, he did not do so. While Jordan may have subjectively felt ambushed by the calling of the meeting and its subject matter, his objective actions demonstrate a valid waiver of the special-meeting notice requirements.

The defendants have also put forth the arguments that: (1) the legality of the meeting in question is irrelevant or, if relevant, its probative value is outweighed by its undue prejudice; and (2) that JAHI lacks standing to object to the meeting's legality. Since the court has found that the meeting was properly held and will order that no reference may be made to its illegality or impropriety in the litigation of this case, the court need not reach these claims. Accordingly,

**IT IS ORDERED** that the meeting of the plaintiff's Board of Directors held on May 22, 2001, was conducted in accordance with Kentucky law and the plaintiff's bylaws.

**IT IS FURTHER ORDERED** that the parties are hereby **BARRED** from stating or implying that the May 22, 2001, directors' meeting was illegal or otherwise inappropriate in establishing their arguments in this action.

4

Signed on October 11, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY