UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 04-226-JBC

GUNDAKER/JORDAN AMERICAN
HOLDINGS, INC., PLAINTIFF,

V.          MEMORANDUM OPINION AND ORDER

CHARLES R. CLARK, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of plaintiff Gundaker/Jordan American Holdings, Inc., to vacate the court's memorandum opinion and order of October 10, 2006. DE 96. The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendant's motion.

**Background**

The plaintiff, Gundaker/Jordan American Holdings, Inc. ("JAHI"), is a public holding company. At all times relevant to this litigation, it was known as Jordan American Holdings, Inc., and its business headquarters were located in Lexington, Kentucky. At the time the events leading to this suit began, W. Neal Jordan ("Jordan") was JAHI's Chief Executive Officer and a director of the corporation. Charles W. Clark ("Clark") and A.J. Elko ("Elko"), defendants here, also held director positions at JAHI at that time. The Kirkland S. & Rena Lamb Foundation, and Wendell Johnston (collectively, "Lamb") were subsequently added as

1

codefendants in this action.

On May 21, 2004, JAHI filed this action against Clark, Elko, and certain John Does who allegedly aided and abetted the named defendants, asserting claims of breach of fiduciary duty.  Specifically, JAHI alleged that, in 2001, Clark and Elko conspired with others to remove Jordan from his position as CEO of JAHI, the purported goal of their scheme being to gain control of JAHI and prevent their own loss of employment.  To accomplish this end, Clark and Elko allegedly solicited the revocation of proxies from one or more shareholders of JAHI in an effort to defeat a quorum at JAHI's annual meeting, which was to take place on May 22, 2001.  Shortly after the meeting was adjourned, Elko, Clark, and Jordan held a special meeting of the board of directors, at which Elko and Clark proposed that Jordan be removed as an officer of JAHI.  Director Terry Abady also was not present.  The proposal was adopted by a 2-to-1 vote.

In an order entered on August 8, 2006, the court required the parties to submit simultaneous briefs regarding the legality of the Board of Directors meeting at which Jordan was ousted as CEO of JAHI and, in a memorandum opinion and order dated October 11, 2006, the court found the meeting in question was conducted in accordance with Kentucky law and barred the parties from stating or implying the meeting was illegal or otherwise inappropriate. DE 96, 4.  The plaintiff now moves to vacate the October 11, 2006, memorandum opinion and order.  DE 150-1.

**Legal Standard**

A motion to vacate is construed as a motion pursuant to Fed. R. Civ. P. 59(e).  In order to succeed on such a motion, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result.  *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  A motion to alter or amend judgment must "be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).

**Analysis**

The plaintiff contends that a year of discovery since the court's memorandum opinion and order has revealed "the meeting was void under Kentucky law" and the defendants "apparently knew it," DE 150-1, 2, as evidenced by a transcript of the meeting.  DE 150-2.  Specifically, the plaintiff claims the meeting in question was void because an absent director, Terry Abady, was not given appropriate notice of the meeting and did not waive this deficiency by appearing at the May 22, 2001, meeting, a point that is not contested by the defendants.  These arguments, however, were briefed in advance of the memorandum opinion and order in question, *see* DE 89, 2-3, and the court still finds them unconvincing.

Even if the evidence of the impropriety of the May 22, 2001, meeting were convincing to the court and even if such evidence were allowable in a motion to

vacate filed so long after the original memorandum opinion and order, it would still not support the court vacating its memorandum opinion and order.  In *Vaught v. Ohio County Fair Co.*, the Kentucky Court of Appeals found that "a meeting irregularly called, as where notice of the meeting is not given to some of the directors, is not binding on the corporation, unless ratified."  49 S.W. 426, 427 (Ky. 1899) (quotation marks and citation omitted).  Therefore, according to *Vaught*, ratification can cure an action taken without notice to directors even if it appears the failure to give notice was intentional and the absent directors would likely have opposed the action.  *Id.*

*Vaught* involved an intentional choice not to notify two of five directors and yet the Court of Appeals still upheld the decision of the board because it was acted upon by the corporation and thus ratified.  *Id.*  Even if the plaintiff's assertion that its proffered new evidence shows the action taken at the board meeting on May 22, 2001, was void, the decision to remove Jordan was still ratified at the subsequent board meeting on June 1, 2001.  Therefore, enforcing Rule 59(e)'s 10-day limit on motions to vacate does not result in manifest injustice.  Consequently, the court will not alter its order barring the plaintiff from referring to the May 22, 2001, meeting as illegal or otherwise inappropriate.

**Conclusion**

Accordingly,

**IT IS ORDERED** that the defendant's motion to vacate the court's

4

memorandum opinion and order of October 11, 2006, DE 96, is **DENIED**.

Signed on  December 12, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY