**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
**FILED**

OCT 0 9 2008

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CIVIL ACTION NO. 04-226-JBC**

**GUNDAKER/JORDAN AMERICAN**
**HOLDINGS, INC.,**                                                    **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**CHARLES R. CLARK, ET AL.,**                                    **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \* \***

        This matter is before the court on the plaintiff's motion to adopt its legal

claims and proposed jury instructions.  DE 249.  The court, having reviewed the

record and being otherwise sufficiently advised, will deny the plaintiff's motion.

        **Background**

        The plaintiff, Gundaker/Jordan American Holdings, Inc. ("JAHI"), is a public

holding company.  At all times relevant to this litigation, it was known as Jordan

American Holdings, Inc., and its business headquarters were located in Lexington,

Kentucky. At the time the events leading to this suit began, W. Neal Jordan was

JAHI's Chief Executive Officer and a director of the corporation.  Charles W. Clark

and A.J. Elko, defendants here, also held director positions at JAHI at that time.

The Lamb Foundation, which was a shareholder in JAHI until March 2003, and

Wendell Johnston, a trustee of the Foundation, were subsequently added as co-

defendants in this action.

On May 21, 2004, JAHI filed a suit against Clark, Elko, and certain John Does who allegedly aided and abetted the named defendants, asserting claims of breach of fiduciary duty. Specifically, JAHI alleged that, in 2001, Clark and Elko acted together with others to remove Jordan from his position as CEO of JAHI, the purported goal of their alleged scheme being to gain control of JAHI and prevent their own loss of employment. To accomplish this end, Clark and Elko allegedly solicited the revocation of proxies from one or more shareholders of JAHI, including the Lamb Foundation, in an effort to defeat a quorum at JAHI's annual meeting, which was to take place on May 22, 2001. Shortly after the meeting was adjourned, Elko, Clark, and Jordan held a special meeting of the board of directors, at which Elko and Clark proposed that Jordan be removed as an officer of JAHI. This decision was revisited and affirmed at a subsequent board meeting on June 1, 2001.

The Lamb Foundation filed a third-party complaint against JAHI on July 5, 2006, alleging abuse of process with regard to the suit filed by JAHI and fraud, breach of confidence, and conflict of interest with regard to JAHI's management of the Lamb Foundation's $3,000,000 investment in JAHI.

On July 29, 2008, the court held a pretrial conference for this case, at which it became apparent that the parties disagreed about the nature of the claims to be tried. In order to clarify these matters before trial, the court ordered the plaintiff to "file a motion as to why [its] causes of action are appropriate under common law and the statute and address any constitutional issues." DE 240.

2

**Motion to Adopt Plaintiff's Legal Claims and Proposed Jury Instructions**

**Legal Analysis**

The plaintiff requests that the court adopt its legal claims and proposed jury instructions as the law of this case. The parties disagree over how KRS § 271B.8-300 and § 271B.8-420 affect the plaintiff's common-law claims of breach of fiduciary duty and aiding and abetting such a breach. The plaintiff contends that the common-law claims and the statutes are not mutually exclusive, while the defendants assert that the statutes completely abrogate the common-law claims.

The cause of action for breach of fiduciary duty by a director or officer still remains, but it has been significantly altered by the statutes. In order to succeed in an action for monetary damages, the plaintiff must prove by clear and convincing evidence that (a) the director or officer "breached or failed to perform his duties in compliance with this section" and (b) the "breach or failure to perform constitutes willful misconduct or wanton or reckless disregard for the best interests of the corporation or its shareholders." KRS § 271B.8-300(5)-(6) and § 271B.8-420(5)-(6). The plaintiff also has the burden of proving that the "breach or failure to perform was the legal cause of damages suffered by the corporation." KRS § 271B.8-300(6) and § 271B.8-420(6).

The plaintiff argues that the statutory scheme applies only to cases involving non-conflicted directors. The text of the statutes does not contain any language that implies this limitation, and no Kentucky case law supports such a limitation. This court must interpret the statute based on its plain meaning "unless to do so

3

would constitute an absurd result." *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 614 (Ky. 2004) (citing *Executive Branch Ethics Com'n v. Stephens*, 92 S.W.3d 69, 73 (Ky. 2002)). "The plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source." *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005) (citations omitted). "In other words, [courts] assume that the [legislature] meant exactly what it said, and said exactly what it meant." *Id.* (internal quotations omitted).

The statutes apply to "*[a]ny* action taken as" an officer or director and to "*any* failure to take *any* action as" an officer or director. KRS § 271B.8-300(5) and § 271B.8-420(5) (emphasis added). "Any," when used in affirmative sentences, "asserts concerning a being or thing of the sort named, without limitation as to which, and thus constructively of every one of them." OXFORD ENGLISH DICTIONARY, 2d Ed. (1989). Using this definition of "any," the court cannot impose a limitation on the type of actions or failures "taken as" a director or officer. Therefore, the application of the statutes to all cases involving actions taken by directors and officers acting in their respective capacities is perfectly logical and cannot be considered an absurd result.

Furthermore, it is clear that the legislature contemplated situations involving conflicts of interest because it enacted KRS § 271B.8-310, which deals with transactions in which a director has a direct or indirect interest. If the General

4

Assembly wanted causes of actions against conflicted and non-conflicted directors to be analyzed differently, it could have provided for such at the time KRS § 271B.8-310 was passed.

Under Kentucky common law, the business-judgment rule is a "presumption that in making a business decision, not involving self-interest, the [d]irectors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company." *Allied Ready Mix Co., ex rel. Mattingly v. Allen*, 994 S.W.2d 4, 8 (Ky. Ct. App. 1998) (citing *Spiegel v. Buntrock*, 571 A.2d 767, 774 (Del. 1990)). In 1988, Kentucky enacted KRS § 271B.8-300 and § 271B.8-420, which are based on the 1984 Model Business Corporation Act. *See* Elizabeth S. Miller & Thomas E. Rutledge, *The Duty of Finest Loyalty and Reasonable Decisions: the Business Judgment Rule in Unincorporated Business Organizations?*, 30 Del. J. Corp. L. 343, 346 n. 11 (2005) (noting that in its adoption of MODEL BUS. CORP. ACT § 8.30(b), Kentucky substituted "honestly" for "reasonably" in KRS § 271B.8-300(1)(c)). Like the drafters of the model act, Kentucky did not codify the business-judgment rule as a whole. Instead, the statutes "recognize the common law doctrine and provide guidance as to its application in dealing with director liability claims." MODEL BUS. CORP. ACT § 8.31, cmt., Note on the Business Judgment Rule (1984). While the common-law business-judgment rule remains in force in Kentucky jurisprudence, this court must follow the statutory "guidance" when applying that rule to director-and-officer-liability claims. Even though Kentucky's common-law business-judgment rule does

5

not apply to cases involving self-dealing, this court must apply the statutory standards to this case. Therefore, by not distinguishing claims involving self-interest from other claims, the Kentucky General Assembly has modified the business-judgment rule as it relates to director and officer liability.

In *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991) and *Aero Drapery of Kentucky, Inc. v. Engdahl*, 507 S.W.2d 166 (Ky. 1974), the Kentucky Supreme Court analyzed claims of breach of fiduciary duty based on the common law. *Steelvest* and *Aero Drapery* differ from the instant case in two important ways. First, the operative facts in both of the earlier cases occurred prior to the enactment of the statutes. Second, even if the statutes had been in force, they would not have applied. KRS § 271B.8-300(6) and § 271B.8-420(6) apply only to actions "taken as" a director or officer and to "failure[s] to take action" as a director or officer. Neither of the above-cited cases involves actions taken as a director or officer or failures to take action as a director or officer. In both cases, the breach of fiduciary duty was based on the defendant's formation of a competing business. Forming a competing business is not part of a director or officer's official role, and, therefore, cannot be considered to be an action taken as a director or officer or a failure to take action as a director or officer. In this case, the alleged actions include soliciting the revocation of proxies to prevent a quorum at the corporation's annual meeting and voting to remove Jordan as an officer of JAHI. While the defendants in *Steelvest* and *Aero Drapery* abandoned their respective corporations in order to form competing businesses, the

6

defendants in this case allegedly acted to preserve their employment in the corporation. These alleged actions of the defendants can be classified as having been "taken as" a director or officer. Thus, the statutory provisions are applicable.

The plaintiff also challenges the constitutionality of KRS § 271B.8-300 and § 271B.8-420 based on the Kentucky Constitution's "jural rights" doctrine. This challenge is not properly before the court because the plaintiff failed to satisfy the requirements of Fed. R. Civ. P. 5.1, which requires a party who is challenging the validity of a state statute to give notice to the state attorney general. While the rule prevents the court from invalidating a state statute without giving the state attorney general the opportunity to intervene, the court retains the authority to deny the challenge. Fed. R. Civ. P. 5.1(c).

Pursuant to Fed. R. Civ. p. 5.1(b) and 28 U.S.C. § 2403, the court has issued a separate order certifying to the Kentucky Attorney General that the statutes have been questioned. However, the court is exercising its authority under Fed. R. Civ. P. 5.1(c) to reject the challenge. If the Attorney General chooses to intervene, the court will reconsider the matter.

The Kentucky Supreme Court has interpreted Sections 14, 54, and 241 of the Kentucky Constitution to "work in tandem" to prevent the General Assembly from limiting certain common-law rights to recover for personal injury or death. *Williams v. Wilson*, 972 S.W.2d 260, 267 (Ky. 1998). In particular, Section 14 "prevent[s] the abolition of those jural rights which were *well established* prior to adoption of the Constitution." *Id.* (emphasis added). Section 54 provides that

7

the General Assembly "shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property." Ky. CONST. § 54. The words "injuries to person or property" mean "physical injuries to the person and physical damage to property." *Jacobs v. Underwood*, 484 S.W.2d 855, 857 (Ky. 1972).

The cause of action for breach of fiduciary duty by a corporate director or officer is not protected by the Kentucky Constitution. Therefore, the General Assembly is free to modify, limit, or abolish this cause of action. The plaintiff failed to present sufficient evidence to prove that a claim for breaching a fiduciary duty by a corporate director or officer was "well established" prior to the enactment of the Kentucky Constitution. The plaintiff cited several breach-of-fiduciary-duty cases that were decided before or shortly after the enactment of the state constitution, but none of these cases involve a corporate director or officer.[1]

In addition, a claim for breach of fiduciary duty does not involve a physical injury to a person or physical damage to property. The plaintiff relies on *Estate of Degley v. Vega*, 797 S.W.2d 299, 302-03 (Tex. App. Corpus Christi Dist. 1990), a Texas state-court decision that classified "legal malpractice, breach of fiduciary

---

[1]*See Phillips v. Richardson*, 4 J.J. Marsh 212 (Ky. 1830) (holding husband responsible for wife's fiducial conduct as an administratrix); *Irvine v. McDowell*, 4 Dana 629 (Ky. 1836) (guardian of ward is guilty of breach of fiducial duty for allowing ward to sell land that was under the guardian's care and control); *Kentucky v. Rodes*, 6 B. Mon. 171 (Ky. 1845) (recognizing that gross negligence in discharge of fiduciary trust is evidence of fraud and misbehavior in [public] office); *Taylor v. Hendrick's Adm'r*, 9 B. Mon. 597 (Ky. 1849) (administrator cannot transfer property to himself that he held as fiduciary of decedent's estate); *Thompson v. Cooper*, 1871 WL 10370 (Ky. 1871) (guardian violated duty as fiduciary to ward by failing to allow other parties to bid to purchase ward's land); *Graves v. Motherhead*, 1873 WL 6312 (Ky. 1873) (executor, as fiduciary, had duty to collect debts as rapidly as he could reasonably do so).

duty, and overreaching" as a "personal injury" for purposes of determining the appropriate statute of limitations. The court does not find this persuasive. Under Kentucky law, "[i]t is the duty of the court where questions are close relative to the constitutionality of statutes to construe the matter if possible in such way as to preserve the statute." *Jacobs*, 484 S.W.2d at 857-858. Because there is no mandatory or persuasive authority from Kentucky courts classifying a breach of fiduciary duty as a personal injury, this court will decline to construe it as such. Therefore, the statute does not fall under the protection of the "jural rights" doctrine and must be enforced.

The Lamb Foundation argues that Kentucky does not recognize claims for aiding and abetting a breach of fiduciary duty. This is incorrect. The Kentucky Supreme Court has held that "a person who knowingly joins with or aids and abets a fiduciary in an enterprise constituting a breach of the fiduciary relationship becomes jointly and severally liable with the fiduciary for any profits that may accrue." *Steelvest, Inc.*, 807 S.W.2d at 485. The Kentucky Court of Appeals recently held that "Kentucky law has never recognized a civil cause of action for aiding and abetting a breach of fiduciary duty." *Peoples Bank of Northern Kentucky, Inc. v. Crowe*, 2008 WL 2312737 (Ky. Ct. App. 2008). This court must apply Kentucky law in accordance with the controlling decisions of the highest court of the state. *See Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543 (1941). Decisions of intermediate appellate state courts may be used for ascertaining state law "unless [the federal court] is convinced by other persuasive

9

data that the highest court of the state would decide otherwise." *West v.
American Telephone & Telegraph Co.*, 311 U.S. 223 (1940) (citing *Six Companies
of California v. Joint Highway District*, 311 U.S. 180 (1940)). The Kentucky Court
of Appeals' opinion in *Peoples Bank* is not final and cannot be cited as authority in
Kentucky courts. Furthermore, the opinion does not address the Kentucky Supreme
Court's recognition of the claim for aiding and abetting a breach of fiduciary duty in
*Steelvest*. The court is not persuaded that the Kentucky Supreme Court would
follow the holding in *Peoples Bank*. Therefore, the court will continue to interpret
Kentucky law as permitting claims for aiding and abetting a breach of fiduciary
duty.

Like actions for breach of fiduciary duty, claims for aiding and abetting a
breach of fiduciary duty are not completely abrogated by KRS § 271B.8-300 and §
271B.8-420. However, the underlying breach of fiduciary duty must be proven
according to the statutes.

**Conclusion**

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to adopt its legal claims and
proposed jury instructions [DE 249] is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall mail a copy of this order to the
Honorable Jack Conway, Attorney General of the Commonwealth of Kentucky; The
Capitol, Suite 118; 700 Capitol Avenue; Frankfort, Kentucky 40601-3449.

10

Signed on October 9, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

11