UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 04-226-JBC

GUNDAKER/JORDAN AMERICAN
HOLDINGS, INC.,                                                                                       PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

CHARLES R. CLARK, ET AL.,                                                                 DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motions of the defendants, the Kirkland S. and Rena B. Lamb Foundation ("Lamb Foundation") and Wendell Johnston, to reconsider (1) the court's order denying their motion to dismiss for lack of personal jurisdiction, DE 257, and (2) the court's order denying their motion for summary judgment, DE 256. The court, having reviewed the record and being otherwise sufficiently advised, will deny both motions.

**Background**

The plaintiff, Gundaker/Jordan American Holdings, Inc. ("JAHI"), is a public holding company. At all times relevant to this litigation, it was known as Jordan American Holdings, Inc., and its business headquarters were located in Lexington, Kentucky. At the time the events leading to this suit began, W. Neal Jordan was JAHI's Chief Executive Officer and a director of the corporation. Charles W. Clark and A.J. Elko, defendants here, also held director positions at JAHI at that time. The Lamb Foundation, which was a shareholder in JAHI until March 2003, and

Wendell Johnston, a trustee of the Foundation, were subsequently added as co-defendants in this action.

On May 21, 2004, JAHI filed a suit against Clark, Elko, and certain John Does who allegedly aided and abetted the named defendants, asserting claims of breach of fiduciary duty.  Specifically, JAHI alleged that, in 2001, Clark and Elko acted together with others to remove Jordan from his position as CEO of JAHI, the purported goal of their alleged scheme being to gain control of JAHI and prevent their own loss of employment.  To accomplish this end, Clark and Elko allegedly solicited the revocation of proxies from one or more shareholders of JAHI, including the Lamb Foundation, in an effort to defeat a quorum at JAHI's annual meeting, which was to take place on May 22, 2001.  Shortly after the meeting was adjourned, Elko, Clark, and Jordan held a special meeting of the board of directors, at which Elko and Clark proposed that Jordan be removed as an officer of JAHI.  This decision was revisited and affirmed at a subsequent board meeting on June 1, 2001.

The Lamb Foundation filed a third-party complaint against JAHI on July 5, 2006, alleging abuse of process with regard to the suit filed by JAHI and fraud, breach of confidence, and conflict of interest with regard to JAHI's management of the Lamb Foundation's $3,000,000 investment in JAHI.

On February 22, 2006, the Lamb Foundation and Johnston moved to dismiss for lack of personal jurisdiction.  DE 39.  The court denied the motion on June 20,

2006. DE 72. On October 8, 2007, the Lamb Foundation and Johnston moved for summary judgment. DE 146. The court denied that motion on December 12, 2007. DE 176. The defendants moved the court to reconsider both motions on August 12, 2008. DE 256 and 257.

**Legal Standard**

A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A Rule 59(e) motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reargument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 U.S. Dist. LEXIS 22666, at *2-3 (E.D.Ky. Oct. 4, 2005).

**I.   Analysis: Motion to Dismiss for Lack of Personal Jurisdiction**

This is a motion to reconsider the court's order denying the defendants' motion to dismiss for lack of personal jurisdiction. Thus, the court will limit its review of the instant motion to matters relevant to personal jurisdiction. Issues involving service of process and failure to state a claim upon which relief can be granted are not properly before the court, and the court declines to rule on these issues at this time.

In support of their motion to reconsider, the defendants argue that the court

erred by utilizing facts from affidavits and other sources outside of the pleadings to support its decision. The defendants claim that because they made only a facial attack, the court must limit its analysis to those facts mentioned "within the four corners" of the complaint. The defendants' reasoning is flawed. Courts do not distinguish between facial and factual challenges in personal jurisdiction disputes. The defendants cite several cases that delineate the differences between facial and factual challenges. However, in all of these cases, the discussion of the differences between facial and factual challenges is limited to issues of subject-matter jurisdiction and failure to state a claim for relief. The defendants fail to cite a single case that distinguishes a facial challenge from a factual one when personal jurisdiction is considered. The differences between subject-matter jurisdiction and personal jurisdiction are significant. Thus, reasoning used by courts in deciding issues of subject-matter jurisdiction cannot be analogized to personal-jurisdiction cases.

     Furthermore, the Sixth Circuit has clearly defined the procedure for determining personal jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271 (6th Cir. 1998). "If it decides that the motion can be ruled on before trial, the court may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Id.* at 1272 (citing *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "When . . . a district court rules on

a jurisdictional motion to dismiss . . . without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.  To defeat such a motion, [the plaintiff] need only make a prima facie showing of jurisdiction." *Id.* at 1272 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.  1996).

In explaining the procedure for district courts to analyze personal-jurisdiction motions, the Sixth Circuit never mentioned that courts must determine whether the challenge was a facial or factual one.  The defendants fail to cite any case that recognized a distinction between facial and factual challenges in motions to dismiss for lack of personal jurisdiction.  Because there is no authority to support the defendants' assertions, they have failed to show that a clear error of law exists.

While the defendants cite *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), and *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008), which were decided after the court's original ruling, neither of these cases creates an "intervening change of law" that applies to the issue at hand.  Both *Twombly* and *Bassett* deal with the sufficiency of pleadings, while the issue raised in this motion is whether the court has personal jurisdiction over the defendants. Finally, the defendants do not raise any arguments regarding newly discovered evidence or manifest injustice.  Therefore, no reason exists to justify the court's reconsideration of its previous order.

**II.     Analysis: Motion for Summary Judgment**

The defendants fail to satisfy any of the criteria for granting a Rule 59(e) motion. They present no newly discovered evidence; cite no intervening change of law; and raise no issue of manifest injustice. The defendants claim that the court erred by not taking into account several factors that the Lamb Foundation failed to bring to the court's attention in its motion for summary judgment. This is simply an attempt to reargue the original motion, which is not a valid reason for granting a motion to reconsider.

The court did not clearly err by holding that genuine issues of material fact exist. The plaintiff is alleging that the Lamb Foundation and Johnston aided and abetted a breach of fiduciary duty. The plaintiff does not claim that the Lamb Foundation and Johnston breached a fiduciary duty themselves. Nevertheless, the conflicting items of evidence presented in the court's memorandum opinion and order, DE 176, are material to the claims for aiding and abetting a breach of fiduciary duty. Therefore, no clear error of law exists, and the motion to reconsider must be denied.

**Conclusion**

Accordingly,

**IT IS ORDERED** that the motion of the Lamb Foundation and Johnston to reconsider the court's order denying their motion to dismiss for lack of personal jurisdiction [DE 257] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of the Lamb Foundation and Johnston to reconsider the court's order denying their motion for summary judgment [DE 256] is **DENIED**.

Signed on  October 13, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY