**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

CIVIL ACTION NO. 04-226-JBC

GUNDAKER/JORDAN AMERICAN
HOLDINGS, INC.,                                                                    PLAINTIFF,

V.                              <u>MEMORANDUM OPINION AND ORDER</u>

CHARLES R. CLARK, ET AL.,                                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Lamb Foundation's motion to dismiss
for lack of subject-matter jurisdiction (R. 328), the plaintiff's motion for leave to file
a second amended and supplemental complaint (R. 348) and motions to strike the
Lamb Foundation's supplements to the motion to dismiss for lack of subject-matter
jurisdiction (R. 364, R. 367).  The court will deny the Lamb Foundation's motion to
dismiss and the plaintiff's motions to strike and will grant the plaintiff's motion for
leave to file a second amended and supplemental complaint.

As a preliminary matter, the court declines to strike the affidavits submitted by
the Lamb Foundation as a supplement to its motion to dismiss.  Although the motion
to dismiss was ripe before these declarations were filed, the plaintiff has had adequate
opportunity to respond to them.  In addition, the court can distinguish for itself the
relevant portions of the affidavits versus the irrelevant ones.  *See 3D Systems, Inc.
v. Envisiontec, Inc.*, 575 F.Supp.2d 799, 804 (E.D. Mich. 2008) ("The Court can
separate the grain from the chaff in the declarations and will consider only those
portions which relate admissible evidence and evidence which is arguably relevant to

the issue at trial.").

The motion to dismiss for lack of subject-matter jurisdiction (R. 328) must be denied because complete diversity exists.  On October 27, 2008, the court began a nine-day trial in the instant action.  Immediately before the trial commenced, the court raised the issue of subject-matter jurisdiction with the parties because the Lamb Foundation was listed as an "ambiguous entity" in the pleadings and nothing in the record clarified exactly what type of legal entity it was and in what states it had citizenship.  After hearing argument from counsel, the court was satisfied that it had jurisdiction and proceeded with trial.  However, later that day, the court discovered a filing with the North Carolina Secretary of State's office that showed that the Lamb Foundation was incorporated in North Carolina.  After dismissing the jury for the day, the court inquired as to the principal place of business of the Lamb Foundation. Counsel for the Lamb Foundation stated that the foundation's principal place of business is Florida, which is also the state of incorporation of the plaintiff. Recognizing the potential lack of complete diversity, the court permitted the parties to research the issue overnight and address it the next morning before the trial resumed.

The next day, counsel presented arguments regarding the principal place of business of the Lamb Foundation.  Using the "total activity test" as set forth in *Gafford v. General Elec. Co.*, 997 F.2d 150, 162-63 (6th Cir. 1993), the court found that the Lamb Foundation's principal place of business is Illinois.  While courts generally find regulatory and corporate income tax filings as significant, but not dispositive, factors in determining the principal place of business, this court found that

2

because the Lamb Foundation listed itself with both Florida and Illinois addresses on various filings, those filings could not be considered significant factors. Because the purpose of the Lamb Foundation is to distribute funds to other charitable organizations in support of its religious goals and the Lamb Foundation disbursed funds in Peoria, Illinois, through actions taken by its treasurer, Benjamin C. Johnston, the foundation's principal place of business must be Illinois. The situs of the only operation of the Lamb Foundation, the distribution of funds by writing and sending checks to charitable organizations, was Peoria, Illinois, in both 2004 and 2005.

The court further noted that the decision-making authority for the Lamb Foundation is spread throughout the United States. Its board of directors meets once a year in various cities to conduct the foundation's business and have a family reunion. The board decides what organizations to support and how much money to give them. Then, the treasurer writes the checks and sends them to the recipients of the grants. Although the board members live throughout the United States and the board meetings have been held in many states, the Lamb Foundation is not a far-flung corporation and does not act in all of those states. Even though the president and secretary of the board live in Florida, the court expressly found that there is no indication that the nerve center or situs of corporate decision-making or control was located there. Unlike Florida, Illinois is the location where the Lamb Foundation has significant administrative authority and activity. There, the treasurer performed the corporation's primary task of writing and sending checks to the recipients of the grants. Accordingly, the court found that the principal place of business of the Lamb Foundation was Illinois.

3

In the instant motion to dismiss, the Lamb Foundation reasserts that Florida is its principal place of business.  In support of this contention, the foundation points to Lillian Williams's testimony at trial concerning her activities on behalf of the foundation in Florida.[1]  When she was vice president of the Lamb Foundation and chair of its appropriations committee, Lillian Williams received, processed, and analyzed grant applications, communicated with the applicants, and prepared the applications for presentation to the foundation's board of directors.  However, in 2003, younger members of the Lamb family assumed control over the foundation, and Lillian Williams ended her service as vice president and chair of the appropriations committee.  R. 369, at 8.  For purposes of establishing diversity jurisdiction, citizenship "is determined as of the date of commencement of the action."  *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968).  The instant action commenced either on May 21, 2004, when the original complaint was filed, or on December 1, 2005, when the Lamb Foundation was added as a defendant.  Thus, Lillian Williams's activities on behalf of the foundation up until 2003 are irrelevant to the court's determination of the  foundation's principal place of business, and her testimony does not require the court to alter its earlier finding that Illinois is the principal place of business of the Lamb Foundation.

Furthermore, even if the Lamb Foundation can show that Lillian Williams still assisted with the grant application process following the conclusion of her tenure with

---

[1] The Lamb Foundation simply summarized Lillian Williams's testimony and did not cite to a transcript of it.  Nevertheless, even assuming that the Lamb Foundation's rendering of her testimony is completely accurate, it still is insufficient to support a finding that the principal place of business of the foundation is Florida.

4

the foundation's board of directors, her deposition testimony reveals that she "had no measurable duties." R. 369, at 5. Lillian Williams also testified that she and her husband

> made very few day-to-day decisions. We are not an operating company that had an office, that had telephones, that had employees. The treasurer is instructed at the annual meeting that he could pay the bills so if that's what you mean by day-to-day, we just checked to be sure the bill was accurate and paid it.

R. 369, at 9. This testimony shows the minor role that Lillian Williams and her husband played in the operation of the Lamb Foundation. It also supports a finding that most of the day-to-day operations, however minor, are performed by the treasurer. In 2004 and 2005, Lillian Williams was no longer the Lamb Foundation's vice president and chair of the appropriations committee, and her husband had ceased serving as the treasurer of the foundation. R. 369, at 8. By that time, Benjamin Johnston, a resident of Peoria, Illinois, had assumed the role of treasurer. R. 362, at 1. Because the new treasurer performed his duties in Illinois, the Lamb Foundation has its principal place of business there.

The Lamb Foundation has not shown that the court erred in finding that Illinois is its principal place of business. In addition, the plaintiff has met its burden of proving that complete diversity exists. Because the plaintiff erroneously pleaded that the Lamb Foundation was a citizen of Texas, the court will permit it to file its amended and supplemental complaint in order to conform the pleadings to the evidence presented at trial. Rule 15(b)(2) of the Federal Rules of Civil Procedure authorizes the court to

allow amendments of pleadings "at any time, even after judgment." In addition, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Amendments to establish jurisdiction are "broadly permitted, so as to effectuate Congress's intent in enacting § 1653 - to avoid dismissals on technical grounds." *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974) (internal quotation marks and citation omitted). The amendment will prevent a dismissal on technical grounds of a case that has been ongoing for approximately five years and required a nine-day jury trial. Furthermore, the amendment will result in no prejudice to the defendants. The parties have operated under the assumption that complete diversity exists throughout the entire litigation. In fact, it was the court, not the defendants, that first raised the issue of subject-matter jurisdiction. The defendants also have had sufficient opportunity to contest the court's finding that the Lamb Foundation's principal place of business is Illinois.

Accordingly,

**IT IS ORDERED** that the Lamb Foundation's motion to dismiss for lack of subject-matter jurisdiction (R. 328) is **DENIED**.

**IT IS ORDERED** that the plaintiff's motions to strike the Lamb Foundation's supplements to the motion to dismiss for lack of subject-matter jurisdiction (R. 364, R. 367) are **DENIED**.

**IT IS ORDERED** that the plaintiff's motion for leave to file a second amended and supplemental complaint (R. 348) is **GRANTED**.

6

Signed on  June 22, 2009

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY