UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 04-226-JBC

GUNDAKER/JORDAN AMERICAN
HOLDINGS, INC.,                                                                           PLAINTIFF,

V.                       **MEMORANDUM OPINION AND ORDER**

CHARLES R. CLARK, ET AL.,                                                           DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Lamb Foundation's motion to dismiss for lack of personal jurisdiction (R. 327). Because the instant motion raises arguments that relate only to insufficient service of process, and not personal jurisdiction, the court will construe it as a motion to dismiss for insufficient service of process. The court will deny the motion because the Lamb Foundation waived its objection to insufficient service of process when it failed to raise that issue in its first motion to dismiss (R. 39).[1]

**I.    Background**

---

[1] "[Q]uestions of personal jurisdiction and service of process are closely interrelated," 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL § 1353 (3d ed. 2009), and a defendant may challenge personal jurisdiction "by way of an attack on the service of process," *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F.Supp. 219, 229 (D.C. N.J. 1966). "The occasional judicial failure to distinguish sharply between the two has not caused any difficulty, however, because the courts have been able to determine the merits of the real issue before them regardless of how the motion is designated and nothing appears to turn on the misdesignation." 5B WRIGHT & MILLER, *supra*. In the Lamb Foundation's initial motion to dismiss (R. 39), the court determined that the real issue before it was personal jurisdiction and, therefore, did not rule on service of process.

The plaintiff commenced this action on May 21, 2004. Then, on December 1, 2005, the plaintiff amended the complaint and added the Lamb Foundation and Wendell Johnston as defendants. The Lamb Foundation and Johnston moved to dismiss for lack of personal jurisdiction (R. 39) on February 22, 2006, and the court subsequently denied that motion (R. 72). On August 12, 2008, the Lamb Foundation and Johnston moved for reconsideration of the court's order denying their motion to dismiss for lack of personal jurisdiction (R. 257), and the court denied that motion as well (R. 288).

Beginning October 27, 2008, the court held a nine-day jury trial on the instant action. The jury returned a verdict for the plaintiff against the Lamb Foundation, but it did not find Johnston liable. Following the trial, on November 25, 2008, the Lamb Foundation again moved to dismiss for lack of personal jurisdiction (R. 327).

II.     **Legal Analysis**

While the Lamb Foundation styled the instant motion as one "to dismiss all claims against Foundation for failure of plaintiff to engage the *in personam* jurisdiction of this court over the person of the Foundation," the arguments raised in the motion concern insufficient service of process, not lack of personal jurisdiction. The motion must be denied because the plaintiff waived the defense of insufficient service of process when it failed to raise that defense in its first motion to dismiss.

When a party raises a defense listed in Rule 12(b) of the Federal Rules of Civil Procedure, such as lack of personal jurisdiction, in a motion made before filing its first

responsive pleading, the party must include all defenses available under Rule 12(b)(2)–(5) in that motion. Rule 12(g)(2) precludes a Rule 12 movant from "mak[ing] another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." In addition, if the party fails to raise such a defense in the initial motion, that defense is waived. FED. R. CIV. P. 12(h)(1)(A) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2) . . . ."); *see also* 5C WRIGHT & MILLER, *supra* § 1391 ("According to Federal Rule 12(h)(1), the threshold defenses of . . . insufficiency of process, and insufficiency of service of process . . . are waived if they are not included in a preliminary motion under Rule 12 as required by Rule 12 (g) . . . . .").

Prior to filing its answer (R. 76), the Lamb Foundation on February 22, 2006, first moved to dismiss (R. 39) under Rule 12(b)(2), lack of personal jurisdiction. Because the Lamb Foundation failed to raise the defenses of insufficient process and insufficient service of process, which are included in Rule 12(b)(4) and (5) respectively, in its first Rule 12 motion to dismiss, it waived those defenses. Although the Lamb Foundation briefly mentioned insufficient service of process in that February 2006 motion, it did not raise that defense as grounds for its motion. Instead, the Lamb Foundation clearly limited the scope of the motion to lack of personal jurisdiction. In the opening paragraph, the Lamb Foundation noted that it had never "been personally served with a summons and complaint." R. 39, at 1. However, it then limited the

scope of the motion by stating that it was appearing

> for no purpose other than to move the Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2), to dismiss the Verified Complaint and the First Amended And Supplemental Complaint . . . for lack of this Court to have jurisdiction over the person of either Foundation or Johnston, irrespective of whether or not Foundation/Johnston ever receive personal service of a summons.

R. 39, at 1-2.  This statement reveals that the Lamb Foundation was limiting the motion to personal jurisdiction.  The phrase "for no purpose other than to move the Court . . . to dismiss . . . for lack of this Court to have jurisdiction over the person of either Foundation or Johnston" shows that lack of personal jurisdiction was the sole basis for the Lamb Foundation's motion to dismiss.  In addition, the phrase "irrespective of whether or not Foundation/Johnston ever receive personal service of a summons" indicates that the Lamb Foundation believed it would prevail under the personal-jurisdiction argument regardless of any deficiency in service.  Because the Lamb Foundation chose to limit the scope of its first motion to dismiss to lack of personal jurisdiction, it waived the right to assert insufficient service of process as a defense.  Therefore, the instant motion, which is based entirely on insufficient service of process, is without merit.

Even if the Lamb Foundation intended to raise insufficient service of process as a basis for its initial motion to dismiss, it failed to do so clearly.  The motion was entitled, "Motion of Lamb Foundation and Johnston to Dismiss for Lack of *In Personam* Jurisdiction," and the Lamb Foundation asserted that it was being made "pursuant to

Federal Rules of Civil Procedure, Rule 12(b)(2)," which refers to the defense of lack of personal jurisdiction.  Of course, a party cannot waive a defense simply by citing the incorrect rule or failing to include a defense in the motion's title.  However, the Lamb Foundation's labeling of its motion, along with the statements limiting the scope of the motion and the complete lack of argument concerning service of process, reveal that personal jurisdiction was the sole contested issue in that February 2006 motion.  In addition, the Lamb Foundation stated in its reply, "[b]ecause the Lamb Motion seeks relief only pursuant to Rule 12(b)(2), the Court is not empowered by Rule 12 with the authority to covert the Lamb Motion into a Rule 56 Motion."  R. 54, at 4.  Again, this statement reveals that personal jurisdiction was the only defense at issue.

The court denied that February 2006 motion to dismiss in a memorandum opinion and order (R. 72) entered on June 20, 2006.  Because personal jurisdiction was the only basis for the motion, the court did not even mention service of process in that opinion.  While the Lamb Foundation now contends that it raised service of process in the initial motion to dismiss, it never moved for reconsideration of that order on the ground that the court did not rule on the service-of-process issue.  The Lamb Foundation did nothing to notify the court that it had intended to raise the defense of insufficient service of process in its motion to dismiss for lack of personal jurisdiction.  This inaction supports a finding that the Lamb Foundation did not intend to raise insufficient service of process in that motion.[2]

---

[2] Although the Lamb Foundation attempted to preserve the defense of insufficient service of process by including it in its answer, that action is of no

The Lamb Foundation did not make any arguments concerning service of process until two years after the court denied its motion to dismiss. On August 21, 2008, two months before trial, the Lamb Foundation raised the issue of insufficient service of process in its response (R. 267) to the plaintiff's motion to strike (R. 258) the Lamb Foundation's motion for reconsideration (R. 257) of the order denying the original motion to dismiss. Interestingly, the Lamb Foundation did not move the court to reconsider its denial of the motion to dismiss on the ground that the court failed to address service of process. In fact, the Lamb Foundation did not mention service of process in the motion for reconsideration.

Contrary to the Lamb Foundation's current contention, the purpose of Rule 12 is not to "alert the plaintiff that the plaintiff must investigate the service of process and take what action the plaintiff deems necessary to secure Rule 4-compliant service," R. 356, at 12. Instead, "[t]he objective to the Rule is to eliminate unnecessary delay at the pleading stage by requiring the defendant to advance up-front every available Rule 12 defense and objection he or she may have that is assertable by motion." *United States v. Islip*, 18 F.Supp.2d 1047, 1053 n.6 (Ct. Int'l Trade 1998) (citing 5A WRIGHT & MILLER, *supra*, § 1384 (2d ed. 1990)). The Lamb Foundation waited until two weeks after trial before it moved the court to dismiss for

---

significance. The key issue was whether the Lamb Foundation raised insufficient service of process in its first motion to dismiss. Once the Lamb Foundation made its initial motion to dismiss, any affirmative defenses listed in Rule 12(b)(2)-(5) were waived if they were not included in that motion. The Lamb Foundation's assertion of insufficient service of process in its answer does not constitute raising the defense in the initial motion to dismiss.

insufficient service of process. That was not "the most opportune time" for the court to dismiss the action for such deficiencies. A dismissal at that stage of the litigation for insufficient service of process would have resulted in a waste of scarce judicial resources as well as the time and money of the parties. This is a prime example of why the Federal Rules of Civil Procedure provide for a waiver of any Rule 12(b)(2)-(5) defenses that were not raised in the first pre-answer motion or, if no motions were filed, the first responsive pleading.

No evidence concerning service of process arose at trial that was not previously available to the Lamb Foundation. The Lamb Foundation, more than any other party, had access to information relating to its officers and agents. It knew or should have known who could receive service of process for it. If the Lamb Foundation wished to challenge whether Wendell Johnston could receive service of process for it or whether Johnston, assuming he could accept service of process for the foundation, was properly served, it should have done so in its first motion to dismiss. The omission of any such argument from that initial motion constitutes a waiver of the defense of insufficient service of process.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Lamb Foundation's motion to dismiss for lack of personal jurisdiction (R. 327) is **DENIED**.

Signed on  June 26, 2009

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY